### 40878. PHOENIX ASSURANCE COMPANY et al. v. EDWARDS.

FELTON, Chief Judge. In this case the employee was found to be totally disabled and he was awarded compensation "at the rate of $27.60 per week commencing on April 20, 1962, and continuing until there has been a change of condition or until such time as claimant returns to work, etc." Before the hearing the employee had been offered another job by the employer which he was physically unable to perform. At the hearing it was stated by the attorney for the employer that other light work would be tendered the employee which he could perform and the employee asserted his willingness to accept such employment when tendered. Such employment has not yet been tendered insofar as the record shows. The only contention made by the employer and insurance carrier is that the hearing deputy director did not contemplate rendering an award in view of the proposed tender of other employment but intended to postpone the hearing to determine whether the additional employment would be offered, whether the employee accepted it or whether it was refused without justification. The deputy director resigned before writing the award and the chairman of the board rendered the award which was appealed to the full board and to the superior court, the award, of course being affirmed in every instance. We see no benefit to be derived from reversing the superior court, and consequently the board, for the reason that if we did and a complete new hearing was had the employee would be entitled to the compensation awarded until he returned to work at the same or higher wage, or to lesser compensation if re-employed at a lesser wage, and compensation would end entirely if the

employee was tendered work which he was able to do and he refused to accept and perform it without justification. It will serve the same purpose to interpret the award rendered to mean also that compensation will cease as of the time the employee was tendered the less strenuous work contemplated by the parties and he refused to perform it without justification. In any event a new hearing must be called to determine whether compensation be continued as awarded or reduced or stopped, depending upon the facts appearing. There was no harmful error in the judgments of the board or the superior court.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*

DECIDED SEPTEMBER 29, 1964.

*Smith, Ringel, Martin, Ansley & Carr, Williston C. White,* for plaintiffs in error.

*Howe & Murphy, Harold L. Murphy,* contra.